The court said, that no benefit could be derived under the lat *60 ter survey, unless by shewing the warrant or order on which it was grounded. A survey having been once made, a new authority became indispensably necessary to justify a second survey. The legal presumption is, that the first survey was made with the full consent of the party and shall conclude him, unless *fraud or improper conduct can justly be ascribed to the deputy surveyor; and in such case the complaint must [*61 be followed up in a reasonable time. His laches will otherwise postpone him. These principles have been often laid down, and conduce to the peace and safety of the country. They were delivered particularly in the cases of Drinker’s lessee v. Holliday, and Hollingshead’s lessee v. Pollock, tried at Huntingdon, May assizes 1796, and cannot be departed from.
Cited in 3 S. & R. 350 in support of the decision that after a survey made and returned into office, a second survey, without an order of the board of property, is merely void. Cited for the same purpose in 43 Pa. 202.
Messrs. Pentecost and T. Campbell, pro qticr.
Mr. Simonson, pro def.
The plaintiff suffered a nonsuit.